THE BALTIMORE & OHIO SOUTHWESTERN RD. CO. *v.*
MUELLER, JR., D. B. A. STANDARD MARBLE WORKS CO.

(Decided August 3, 1928.)

*Messrs. Harmon, Colston, Goldsmith & Hoadly,*
for plaintiff in error.

*Messrs. Bettman, Riesenberg, Cohen & Stelten-pohl,* for defendant in error.

MILLS, J.   This action originated in the court of common pleas, where Mueller, on May 20, 1916, sued the railroad company for $2,081.75 for damages claimed to have been caused on May 7, 1916, by the alleged negligence of the company in so operating its cars along a switch track in Mueller's marble yard as to collide with certain marble material stored in the yard.

The railroad company, by answer and by amendment to its answer, admitted that some of Mueller's marble had been damaged through being hit by cars operated by it on the switch track referred to in the petition, but put in issue the amount of the damages and denied negligence on the part of the company. The answer and the amendment thereto charged

also that the collision was due solely to the negligence of Mueller in piling the marble in his yard too close to the switch track. By way of further defense it was alleged that, by virtue of a certain contract entered into between Mueller and the railroad company on July 20, 1905, the railroad company was exempt from liability for the damages to the marble in question. Briefly, the contention of the railroad company is that, by virtue of a contract that it claims to have made with Mueller, it is exempt from liability for damages caused by it in the operation of its cars over the switch track in his marble yard.

On May 5, 1927, the Standard Marble Works Company, having succeeded to the rights of Mueller, and having been substituted as plaintiff below, filed its amended reply by leave of court.

The amended reply admitted that on July 20, 1905, a "certain agreement" was entered into between Mueller and the railroad company "for the construction of a sidetrack upon the plaintiff's premises," but denied that "said agreement" related in any manner to the matters set forth in plaintiff's petition, or had any bearing thereon, and averred that "said agreement" had terminated before plaintiff's cause of action arose. The amended reply further denied each and every allegation of the answer and the amendment to the answer.

The case was tried before a jury; and on May 25, 1927, a verdict for $2,081.75 was rendered in favor of the marble company against the railroad company. The railroad company's motion for a new trial was overruled, and judgment was entered on the verdict. No bill of exceptions was allowed, but the railroad company has filed its petition in error

together with the pleadings that were filed below and a certified transcript of the docket and journal entries.

The pleadings presented the issues of negligence on the part of the defendant, negligence on the part of the plaintiff, the existence of a contract bearing on the two foregoing issues, and the force and effect of that contract.

Neither the contract nor a copy of it is in the record. It is not here for interpretation. In the absence of the contract and of a bill of exceptions, we find no error in the record.

The judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

HAMILTON, P. J., and CUSHING, J., concur.